1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MALIBU MEDIA, LLC,                    No.  2:15-cv-2701-JAM-KJN, et al.

12                  Plaintiff,

13         v.                              ORDER

14   JOHN DOE SUBSCRIBER ASSIGNED
     IP ADDRESS 108.206.113.196, et al.
15

16
                    Defendants.
17

18

19          On May 5, 2016, the court conducted a global hearing with respect to plaintiff Malibu

20   Media, LLC's *ex parte* motions to conduct expedited discovery pending in several related actions

21   filed by plaintiff in the Sacramento division of this district.

22          In connection with those motions, plaintiff lodged with the court for initial *in camera*

23   review a status report addressing various questions/issues outlined in the court's April 8, 2016

24   order scheduling the May 5, 2016 hearing, as well as representative samples of plaintiff's

25   settlement correspondence and settlement agreements.  The status report was subsequently filed

26   on the court's public docket, and the exhibits to the status report, which contain confidential

27

28

                                          1

1  settlement correspondence and settlement agreements, were filed under seal.[1]

2       At the May 5, 2016 hearing, attorneys Brian Heit and Brenna Erlbaum appeared on behalf

3  of plaintiff, along with their client and plaintiff's sole owner, Colette Pelisseir Field, and

4  responded to further questioning by the court.

5       After carefully considering the court's record and the applicable law, IT IS HEREBY

6  ORDERED that:

7      1.  Based on the showing made in plaintiff's motions, as well as plaintiff's representations

8         made in their status report filed in Malibu Media, LLC v. John Doe subscriber

9         assigned IP address 108.206.113.196, 2:15-cv-2701-JAM-KJN, (ECF Nos. 11, 12),

10         and verbally at the May 5, 2016 hearing in that matter (ECF No. 9), the court finds

11         that plaintiff has shown that good cause exists to conduct the requested expedited

12         discovery in these cases in an attempt to identify the respective John Doe defendants.

13         See Semitool, Inc. v. Tokyo Electron Am, Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002).

14         As such, plaintiff's motions are GRANTED, subject to the restrictions outlined below.

15      2.  Plaintiff may immediately serve a Rule 45 subpoena ("Subpoena") on the internet

16         service provider ("ISP") identified in Exhibit A to the operative complaint in each

17         case, or on any other entity identified as providing internet services to the John Doe

18         defendant at the particular IP address, to obtain information to identify the John Doe

19         defendant; more specifically, his or her name and address. The ISP shall NOT release

20         the subscriber's telephone number or e-mail address. A copy of this order shall be

21         attached to the Subpoena in each case.

22      3.  The ISP shall have 30 days from the date of service of the Subpoena upon it to serve

23         the John Doe defendant with a copy of the Subpoena and a copy of this order. The

24         ISP may serve the John Doe defendant using any reasonable means, including written

25         notice sent to his or her last known address, transmitted either by first-class mail or via

26

27  [1] Those documents were filed on the court's docket in the first-filed case, Malibu Media, LLC v.

28  John Doe subscriber assigned IP address 108.206.113.196, 2:15-cv-2701-JAM-KJN, (ECF Nos. 11, 12).

1    overnight service.

2    4.   The John Doe defendant shall have 60 days from the date of service of the Subpoena

3         and this order upon him or her to file any motions with this court contesting the

4         Subpoena (including a motion to quash or modify the Subpoena), as well as any

5         request to litigate the Subpoena anonymously.  The ISP may NOT turn over the John

6         Doe defendant's identifying information to plaintiff before the expiration of this 60-

7         day period.  Additionally, if the John Doe defendant or ISP files a motion to quash the

8         Subpoena, the ISP may not turn over any information to the plaintiff until the motion

9         has been resolved by the court.  A John Doe defendant who moves to quash or modify

10        the subpoena, or to proceed anonymously, shall at the same time as his or her filing

11        notify the ISP so that the ISP is on notice not to release any of the John Doe

12        defendant's information to plaintiff until the court rules on any such motions.

13   5.   If the above-mentioned time periods elapse without the John Doe defendant or ISP

14        contesting the Subpoena, the ISP shall have 10 days to produce the information

15        responsive to the Subpoena to plaintiff.

16   6.   Upon service with the Subpoena, the ISP shall preserve any subpoenaed information

17        until either the information is produced to plaintiff or a timely-filed motion to quash

18        the subpoena is resolved by the court.

19   7.   Any information ultimately disclosed to plaintiff in response to a Subpoena may be

20        used by plaintiff for the sole purpose of protecting plaintiff's rights as set forth in the

21        operative complaint.

22        This order resolves all pending *ex parte* motions for expedited discovery in the following

23   cases, and shall be filed by the Clerk of Court on the dockets of all the following cases:

24        2:15-cv-02701-JAM-KJN *Malibu Media, LLC v. JOHN DOE subscriber assigned IP*

25   *address 108.206.113.196*

26        2:15-cv-02703-JAM-KJN *Malibu Media, LLC v. JOHN DOE subscriber assigned IP*

27   *address 108.213.72.144*

28        2:15-cv-02704-JAM-KJN *Malibu Media, LLC v. John Doe subscriber assigned IP*

3

1   *address 108.247.9.93*

2         2:15-cv-02706-JAM-KJN *Malibu Media, LLC v. John Doe subscriber assigned IP*

3   *address 172.15.36.234*

4         2:15-cv-02709-JAM-KJN *Malibu Media, LLC v. John Doe subscriber assigned IP*

5   *address 73.220.64.72*

6         2:15-cv-02710-JAM-KJN *Malibu Media, LLC v. John Doe subscriber assigned IP*

7   *address 75.53.173.243*

8         2:15-cv-02713-JAM-KJN *Malibu Media, LLC v. John Doe subscriber assigned IP*

9   *address 76.201.82.10*

10        2:15-cv-02715-JAM-KJN *Malibu Media, LLC v. John Doe subscriber assigned IP*

11  *address 98.208.11.168*

12        2:16-cv-00329-JAM-KJN *Malibu Media, LLC v. John Doe subscriber assigned IP*

13  *address 174.50.166.111*

14        2:16-cv-00330-JAM-KJN *Malibu Media, LLC v. John Doe subscriber assigned IP*

15  *address 71.193.37.58*

16        2:16-cv-00332-JAM-KJN *Malibu Media, LLC v. John Doe subscriber assigned IP*

17  *address 24.23.36.202*

18        2:16-cv-00333-JAM-KJN *Malibu Media, LLC v. John Doe subscriber assigned IP*

19  *address 50.161.91.225*

20        2:16-cv-00335-JAM-KJN *Malibu Media, LLC v. JOHN DOE subscriber assigned IP*

21  *address 50.197.137.173*

22        2:16-cv-00337-JAM-KJN *Malibu Media, LLC v. JOHN DOE subscriber assigned IP*

23  *address 67.174.50.154*

24        2:16-cv-00338-JAM-KJN *Malibu Media, LLC v. John Doe subscriber assigned IP*

25  *address 50.197.172.9*

26        2:16-cv-00340-JAM-KJN *Malibu Media, LLC v. John Doe subscriber assigned IP*

27  *address 67.182.165.59*

28        2:16-cv-00342-JAM-KJN *Malibu Media, LLC v. John Doe subscriber assigned IP*

1    *address 71.197.126.47*

2         2:16-cv-00343-JAM-KJN *Malibu Media, LLC v. John Doe subscriber assigned IP*

3    *address 73.41.19.65*

4         2:16-cv-00344-JAM-KJN *Malibu Media, LLC v. John Doe subscriber assigned IP*

5    *address 73.41.243.169*

6         2:16-cv-00345-JAM-KJN *Malibu Media, LLC v. John Doe subscriber assigned IP*

7    *address 71.198.67.140*

8         2:16-cv-00348-JAM-KJN *Malibu Media, LLC v. John Doe subscriber assigned IP*

9    *address 73.162.9.38*

10        2:16-cv-00349-JAM-KJN *Malibu Media, LLC v. John Doe subscriber assigned IP*

11   *address 73.41.50.157*

12        2:16-cv-00350-JAM-KJN *Malibu Media, LLC v. John Doe subscriber assigned IP*

13   *address 76.105.55.229*

14        2:16-cv-00353-JAM-KJN *Malibu Media, LLC v. John Doe subscriber assigned IP*

15   *address 76.127.98.64*

16        2:16-cv-00354-JAM-KJN *Malibu Media, LLC v. John Doe subscriber assigned IP*

17   *address 98.208.3.49*

18        2:16-cv-00356-JAM-KJN *Malibu Media, LLC v. John Doe subscriber assigned IP*

19   *address 98.234.74.153*

20        2:16-cv-00357-JAM-KJN *Malibu Media, LLC v. John Doe subscriber assigned IP*

21   *address 98.252.71.18*

22        2:16-cv-00358-JAM-KJN *Malibu Media, LLC v. John Doe subscriber assigned IP*

23   *address 98.242.19.2*

24        2:16-cv-00359-JAM-KJN *Malibu Media, LLC v. John Doe subscriber assigned IP*

25   *address 98.255.105.148*

26        2:16-cv-00361-JAM-KJN *Malibu Media, LLC v. John Doe subscriber assigned IP*

27   *address 98.255.194.107*

28        2:16-cv-00362-JAM-KJN *Malibu Media, LLC v. John Doe subscriber assigned IP*

1    *address 98.255.70.3*

2       IT IS SO ORDERED.

3    Dated:  May 10, 2016

4

5                              KENDALL J. NEWMAN

                                  UNITED STATES MAGISTRATE JUDGE